981 So.2d 792 (2008)
STATE of Louisiana, Appellee
v.
Christopher Jermaine GERMANY, Appellant.
No. 42,239-KA.
Court of Appeal of Louisiana, Second Circuit.
April 30, 2008.
*793 Louisiana Appellate Project, by Edward K. Bauman, Lake Charles, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, C. Sherburne Sentell, III, Assistant District Attorneys, for Appellee.
Before BROWN, STEWART and MOORE, JJ.
STEWART, J.
Pursuant to a plea bargain agreement, Defendant Christopher Jermaine Germany pled guilty to one count of distribution of a Schedule II controlled dangerous substance ("CDS") in violation of La. R.S. 40:967(B)(5). The trial court subsequently sentenced the defendant to serve four years of imprisonment at hard labor, with credit for time served, and ordered that the sentence is to be served consecutively with any other sentence. The defendant now appeals his sentence as constitutionally excessive. For the reasons set forth below, we affirm the defendant's sentence.

FACTS
The defendant was originally charged by bill of information with two counts of distribution of a Schedule II CDS, crack cocaine, in violation of La. R.S. 40:967(B)(4)(b), on May 12, 2006 (Count 1) and June 15, 2006 (Count 2), respectively. In both instances, an undercover agent purchased crack cocaine from the defendant.
The defendant appeared in court, waived formal arraignment and entered a plea of not guilty. Pursuant to a plea bargain agreement, the defendant subsequently withdrew his previous plea of not guilty and entered a plea of guilty to Count One, which was amended to distribution of a Schedule II CDS in violation of La. R.S. 40:967(B)(5). The state agreed to dismiss Count Two, and it was agreed that sentencing would be with benefit of a presentence investigation report, which was ordered. The defendant was advised of and waived his rights as per Boykin v. Alabama, 395 U.S.238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), after the trial court made a diligent effort to determine his competence, literacy and understanding.
On August 3, 2007, the trial court sentenced the defendant to serve four years of imprisonment at hard labor, with credit for time served, to be served consecutively with any other sentence. The trial court recommended the defendant participate in the Blue Walters Substance Abuse Treatment Program within the Department of Corrections. The defendant was advised *794 of the time limitations within which to appeal his sentence and for filing for post-conviction relief. His timely filed motion to reconsider sentence was denied on September 18, 2007. Defendant now appeals.

DISCUSSION
The defendant contends that the trial court erred in denying his motion to reconsider the constitutionally excessive sentence. More specifically, the defendant argues that the imposition of the four-year sentence at hard labor, to run consecutively with any other sentence, was grossly out of proportion to the severity of the crime and his criminal history.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court will not set aside a sentence as excessive. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. McCall, 37-442 (La.App. 2d Cir.8/20/03), 852 So.2d 1162, writ denied, 04-0039 (La.12/17/04), 888 So.2d 858. On review, the appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show, as it does here, that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App. 2d Cir.6/24/98), 715 So.2d 641.
The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App. 2d Cir.04/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.06/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, the determination of whether the sentence imposed is too severe is contingent upon the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.
The record shows that the trial court adequately considered aggravating and mitigating circumstances, thereby complying with La. C. Cr. P. art. 894.1, and tailored the sentence to the instant offense and this offender. The trial court considered the defendant's age, educational level, employment history, and the fact *795 that he has an eight-year-old daughter. It also noted the defendant's three prior felony drug convictions and the details of his prior criminal record. The trial court acknowledged that the instant crime was committed while the defendant was on supervised probation. It further discussed the factors set forth in La. C. Cr. P. art. 894.1, including the mitigating factor that the defendant had made efforts to attend AA and NA meetings even while incarcerated.
Pursuant to a plea bargain agreement, the defendant pled guilty to one count of distribution of Schedule II CDS in violation of La. R.S. 40:967(B)(5). The punishment for this particular offense is imprisonment at hard labor for not more than ten years and a fine of not more than fifteen thousand dollars ($15,000.00).
Taking into consideration the defendant's personal history, prior criminal record, and the circumstances surrounding this case, we must recognize that the defendant benefited from the plea agreement and reduced sentence exposure. The defendant was initially charged by bill of information with two counts of distribution of a Schedule II CDS, crack cocaine. These two offenses are each punishable by imprisonment at hard labor for not less than two nor more than thirty years, with the first two years to be served without benefit of parole, probation, or suspension of sentence, and a fine of not more than fifty thousand dollars ($50,000.00). La. R.S. 40:967(B)(4)(b). If not for the plea agreement, the defendant would have faced a more severe punishment.
The sentence imposed by the trial court, four years, falls within the lower portion of the range and is not disproportionate to the seriousness of the offense. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La. App. 2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430.
The imposition of the four-year sentence at hard labor, to run consecutively with any other sentence, was not grossly out of proportion to the severity of the crime and the defendant's criminal history. The presentence investigation report reviewed by the trial court indicated that the background of the defendant and the circumstances of the case supported the four-year sentence. Finding no manifest abuse of discretion, this court may not set aside a sentence as excessive.

CONCLUSION
For the foregoing reasons, the defendant's sentence is affirmed.
AFFIRMED.