WILLIAMS, J.
 

 liThe defendant, Delores Brown, was charged by bill of information with attempted second degree murder, a violation of LSA-R.S. 14:27 and 14:30. Pursuant to a plea agreement, the state amended the bill of information and defendant pled guilty to the charges of second degree battery, LSA-R.S. 14:34.1, and illegal use of a weapon, LSA-R.S. 14:94. The defendant was sentenced to serve a term of imprisonment of three years at hard labor on the second degree battery conviction and one year at hard labor on the illegal use of a weapon conviction, with the sentences to run concurrently. The district court denied defendant’s motion to reconsider sentence and the defendant appeals. For the following reasons, we affirm.
 

 FACTS
 

 On March 7, 2006, the defendant called the Rayville Police Department to report that she had just shot her boyfriend, Terry Bishop. When the police arrived at the residence, defendant answered the door, but the victim, Bishop, was not present. Shortly thereafter, the police located the victim walking back toward the residence with three gunshot wounds in his left leg and a bullet wound in his left arm. In her statement to police, the defendant alleged that shortly before the incident she and Bishop were arguing in the kitchen when he choked her, threw her on the floor and then slapped her on the left side of her face. Defendant stated that she then went to the utility room, retrieved a gun and when she returned to the kitchen, Bishop approached her and so she shot him multiple times. The defendant then placed the gun to Bishop’s head and told him she would kill him if he did not get out of the house. The victim later told police that he had pushed |2defendant to the floor, but denied that he choked or slapped her.
 

 The defendant was initially charged with one count of attempted second' degree murder. As a result of the plea agreement, the defendant pled guilty to reduced charges of one count of second degree battery and one count of illegal use of a weapon. The trial court ordered a presen-tence investigation report. Subsequently, the trial court sentenced the defendant to serve three years at hard labor on the second degree battery conviction and one year at hard labor on the illegal use of a weapon, with the sentences to run concurrently. The defendant’s motion to reconsider sentence was denied and this appeal followed.
 

 DISCUSSION
 

 In three assignments of error, the defendant contends the district court erred
 
 *480
 
 in imposing an excessive sentence. Defendant argues that the district court failed to articulate adequate reasons justifying the sentence and that a less harsh sentence is appropriate considering defendant’s background and the circumstances of the case.
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of lathe factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Swayzer,
 
 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Ates,
 
 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351.
 

 Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166.
 

 The penalty for second degree battery is imprisonment, with or without hard labor, for not more than five years and/or a fine of not more than $2,000.00. LSA-R.S. 14:34.1. The penalty for illegal use of a weapon is a fíne of not more than $1,000.00, or imprisonment with or without hard |4Iabor for not more than two years, or both. LSA-R.S. 14:94.
 

 Prior to imposing sentence, the district court ordered a presentence investigation (PSI) and held a sentencing hearing. At the hearing, the court heard testimony regarding the events of the morning in question from Tamario Turner, the investigating police officer, and the victim. Officer Turner testified that there were no marks, cuts or bruises visible on the defendant indicative of a physical struggle with the victim. In support of his testimony, the state introduced four photographs of the defendant’s neck and face taken on the morning of the shooting that did not appear to show any signs of trauma. The defendant presented the testimony of Eltie Hunter, an acquaintance of both the defendant and the victim. Hunter testified that he saw the defendant when she was released after her arrest and that there was a bruise on the right side of her face. Hunter stated that following the shooting he had spoken with the victim, who said he was sorry he had “jumped on” the defendant.
 

 Primarily, defendant contends the trial court did not give sufficient weight to
 
 *481
 
 her “unblemished” criminal record and the circumstances surrounding the crime as she alleges it to have occurred. The PSI report indicates that the defendant is a 57-year-old first felony offender. While defendant has no prior felony convictions, her criminal record shows that she has been arrested a number of times for various offenses, including the discharge of a firearm, carrying a concealed weapon and disturbing the peace. Thus, the PSI report does not support the defendant’s description of her criminal record as unblemished. Further, 'the PSI report discusses ^defendant's educational background, her employment history and family situation, including the fact that the defendant’s 37-year-old son lived with her. Consequently, although the district court did not articulate specific information about defendant’s background at the time of sentencing, the PSI report informed the court about the important elements of defendant’s personal history to be considered in imposing sentence.
 

 Regarding the circumstances of the crime, defendant contends that the district court erred in failing to consider her mental state at the time of the offense. Presumably, defendant is referring to her contention that she was acting in self-defense. We note that the record does not support defendant’s version of events. Not only was there a lack of evidence to corroborate defendant’s story that the victim attacked her, the victim testified during the sentencing hearing that the first shot struck him on the side of his left leg. This uncon-tradicted testimony belies the defendant’s assertion that the victim was charging at her when she began shooting.
 

 In addition, the district court found that if the defendant had felt truly threatened she could have exited the house through the door in the utility room. The court noted that instead, the defendant opted to arm herself with a handgun, thereby introducing a dangerous weapon into an already volatile situation, and intentionally shot the victim. In light of the foregoing circumstances, the court was not persuaded by defendant’s claim that she acted out of fear in shooting the victim.
 

 Where a defendant has pled guilty to an offense which does not adequately describe her conduct, or has received a significant reduction in [ ^potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Germany,
 
 43,-239 (La.App.2d Cir.4/30/08), 981 So.2d 792. Here, the defendant shot and wounded the victim four times with a dangerous weapon. Such conduct could more appropriately be categorized as either an aggravated battery (punishable by up to 10 years at hard labor) or an aggravated second degree battery (punishable by up to 15 years at hard labor). LSA-R.S. 14:34; LSA-14:34.7. Thus, the plea bargain significantly reduced defendant’s potential exposure to confinement.
 

 The record demonstrates that the district court provided adequate reasons for imposition of these concurrent sentences, which are approximately one-half of the maximum sentences possible for the offenses of conviction. The sentences imposed are neither grossly disproportionate to the seriousness of the offenses committed nor shocking to the sense of justice. There is no showing that the district court abused its discretion in sentencing this defendant. Thus, we cannot say the sentences imposed are constitutionally excessive. The assignments of error lack merit.
 

 We have examined the record for error patent and found none.
 

 
 *482
 
 CONCLUSION
 

 For the foregoing reasons, the defendant’s convictions and sentences are affirmed.
 

 AFFIRMED.