WILLIAMS, J.
 

 | Nhe defendant, James Coffman, was charged with second degree murder, a violation of LSA-R.S. 14:30.1, and felony
 
 *727
 
 theft, a violation of LSA-R.S. 14:67(B). Pursuant to a plea agreement, the defendant pled guilty to the lesser included offense of attempted second degree murder (LSA-R.S. 14:30.1 and 14:27) and felony theft. In exchange, the state agreed not to file an habitual offender bill of information. The defendant was sentenced to serve 50 years’ imprisonment at hard labor for attempted second degree murder and 10 years for felony theft, with the sentences to run concurrently. The district court denied defendant’s motion to reconsider sentence and the defendant appeals. For the following reasons, we affirm.
 

 FACTS
 

 On August 9, 2006, at a residence in Benton, Louisiana, the defendant shot the victim, Tiffany Leanne Johnson, in the left side of the head, causing her death. After shooting the victim, defendant stole a truck parked nearby and drove to Dallas, Texas, where the truck was later found. Two days after the murder, the defendant was arrested in Wichita, Kansas. Defendant was charged with second degree murder and felony theft in an amount of $500 or more. As a result of the plea bargain, the defendant pled guilty to one count of the lesser included offense of attempted second degree murder and one count of felony theft.
 

 At the sentencing hearing, defense counsel submitted a letter from the defendant’s grandmother for the court’s consideration and a victim impact statement was made by Tiffany Johnson’s father. The district court imposed the maximum sentences of 50 years at hard labor without the|2benefit of parole, probation or suspension of sentence on the attempted second degree murder conviction and 10 years at hard labor on the felony theft conviction, with the sentences to be served concurrently. This appeal followed.
 

 DISCUSSION
 

 The defendant contends the district court erred in imposing an excessive sentence. Defendant argues that the court failed to articulate sufficient reasons for imposing the maximum 50-year sentence.
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Swayzer,
 
 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Ates,
 
 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259. There is no ^requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351.
 

 Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 *728
 

 State v. Dorthey,
 
 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166.
 

 The penalty for conviction of attempted second degree murder is imprisonment at hard labor for not less than 10 nor more than 50 years without benefit of parole, probation or suspension of sentence. The penalty for felony theft of $500 or more is imprisonment, with or without hard labor, for not more than 10 years or a fine of up to $3,000, or both.
 

 Prior to imposing sentence, the district court reviewed a presentence investigation (PSI) report and recited the defendant’s criminal history, which included a prior felony conviction for possession of MDMA (ecstasy), a Texas conviction for possession of marijuana and arrests for robbery, theft and possession of a stolen firearm. The court noted that defendant was a second felony offender who was on probation when he shot and killed the victim. Referring to the guidelines of Article 894.1, the court found that the defendant’s criminal conduct while on probation raised the likelihood he would commit another offense in the future, that any lesser ^sentence would deprecate the seriousness of the crime committed and that the defendant was in need of a custodial environment provided by an institution.
 

 Defendant argues that the district court neither gave reasons to justify the maximum sentences imposed nor considered allegedly mitigating factors, including the defendant’s youth, employment history, family ties and mental health issues. However, we note that the court specifically found that the nature and permanence of the injury to the victim and defendant’s use of a dangerous weapon in committing the offense were aggravating circumstances under Article 894.1. In addition, the PSI report, which is contained in the appellate record contrary to defendant’s assertion, informed the court of defendant’s age, educational background and family situation, including the fact that defendant was primarily raised by his grandmother after his father’s death when defendant was 5 years old. The defendant does not explain how these factors or the sanity commission report might have persuaded the court to impose a less severe sentence.
 

 Where a defendant has pled guilty to an offense which does not adequately describe his conduct, or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Germany,
 
 43,-239 (La.App.2d Cir.4/30/08), 981 So.2d 792. Here, the defendant was allowed to plead to the lesser included offense of attempted second degree murder, although he actually killed the victim. Thus, the defendant avoided exposure to a life sentence and the 1 fimaximum sentences were within the court’s discretion.
 

 The record demonstrates that the district court more than adequately complied with Article 894.1 in providing reasons for the imposition of these maximum sentences, which are neither grossly disproportionate to the seriousness of the offenses committed nor shocking to the sense of justice. There is no showing that the district court abused its discretion in sentencing this defendant. Thus, we cannot say the sentences imposed are constitutionally excessive. The assignment of error lacks merit.
 

 We have examined the record for error patent and found none.
 

 
 *729
 
 CONCLUSION
 

 For the foregoing reasons, the defendant’s convictions and sentences are affirmed.
 

 AFFIRMED.