STATE OF LOUISIANA
v.
CRAIG VICTORIAN.
No. 2009 KA 1273.
Court of Appeals of Louisiana, First Circuit.
December 23, 2009.
Not Designated for Publication
RICHARD J. WARD, Jr., District Attorney and ELIZABETH A. ENGOLIO, Asst. District Attorney, Attorneys State  Appellee.
GWENDOLYN K. BROWN, Attorneys for State  Appellee, Attorney for Defendant  Appellant, Craig Victorian.
Before: WHIPPLE, HUGHES, and WELCH, JJ.
WELCH, J.
The defendant, Craig Victorian, was charged by indictment with the October 18, 1994 second degree murder of Michael "Mickey" Williams. See La. R.S. 14:30.1. In November of 1995, the defendant entered a guilty plea to the lesser charge of manslaughter. See La. R.S. 14:31. On January 2, 1996, the trial court sentenced the defendant to serve forty years at hard labor, the maximum allowed by law. In May of 2009, the trial court considered the defendant's application for post-conviction relief and granted this out-of-time appeal. The defendant asks this court to reverse the sentence imposed and remand the case for imposition of a new sentence. We affirm the conviction and sentence.

ILLEGAL SENTENCE
In support of his claim that the trial court erred by imposing an excessive sentence, the defendant contends that the trial court "failed to appreciate the impact of La. R.S. 15:571.3 upon the sentence it was selecting" and, therefore, should have granted the defendant's motions to reconsider the sentence and to correct an illegal sentence. The defendant points to statements made by the trial court during the sentencing hearing to support this assertion. Specifically, he complains that the trial court repeatedly emphasized that the defendant would likely serve only a portion of the sentence imposed because of the application of good time credit and parole.[1] He urges, therefore, that the trial court inadvertently imposed an excessive sentence.
Article I, Section 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762, 767 (La. 1979); State v. Lanieu, 98-1260, p. 12 (La. App. 1st Cir. 4/1/99), 734 So.2d 89, 97, writ denied, 99-1259 (La. 10/8/99), 750 So.2d 962. A sentence is constitutionally excessive if it is grossly disproportionate to the severity of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. See State v. Dorthey, 623 So.2d 1276, 1280 (La. 1993). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288, 291 (La. 1985). A trial court is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by it should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Guzman, 99-1528, 99-1753, p. 15 (La. 5/16/00), 769 So.2d 1158, 1167.
The Louisiana Code of Criminal Procedure sets forth items that must be considered by the trial court before imposing sentence. La. C.Cr.P. art. 894.1. The trial court need not cite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La. App. 1st Cir.), writ denied, 565 So.2d 942 (La. 1990). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La. App. 1st Cir. 1988). Remand for full compliance with Article 894.1 is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475, 478 (La. 1982).
An unqualified plea of guilty normally waives all non-jurisdictional defects occurring prior to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Crosby, 338 So.2d 584, 588 (La. 1976). The transcript of the defendant's guilty plea indicates the trial court properly advised the defendant of his right to a jury trial, his right of confrontation, and his privilege against self-incrimination, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The judge ascertained that the defendant had been thoroughly advised of his constitutional rights, understood those rights, and intelligently and voluntarily waived those rights and pled guilty. Additionally, the defendant, his attorney, and the district judge signed a waiver of rights form which enumerated the defendant's rights and detailed that he could be sentenced to serve up to forty years in prison.
As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. See State v. James, 2002-2079, p. 17 (La. App. 1st Cir. 5/9/03), 849 So.2d 574, 586. The maximum sentence permitted under a statute may also be imposed when the offender poses an unusual risk to the public safety due to his past conduct of repeated criminality. State v. Hilton, 99-1239, p. 16 (La. App. 1st Cir. 3/31/00), 764 So.2d 1027, 1037, writ denied, XXXX-XXXX (La. 3/9/01), 786 So.2d 113. Furthermore, where, as here, a defendant has pleaded guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pleaded offense. State v. Germany, 42,239, p. 5 (La. App. 2nd Cir. 4/30/08), 981 So.2d 792, 795; see also State v. Heath, 447 So.2d 570, 577 (La. App. 1st Cir.), writ denied, 448 So.2d 1302 (La. 1984).
In imposing sentence upon the defendant, the trial court stated:
[The defendant] indicated that part of the plea agreement was hopes and I'm quoting from the Report, "Hopes of receiving some kind of leniency." Of course, Second Degree Murder necessitates life imprisonment without the benefit of parole, probation or suspension of sentence, and contrary to a lot of misconceptions, in Louisiana, and we're one of the few States, if not the only State, where life is life. Without the benefit of parole, probation or suspension of sentence....
Manslaughter, the maximum penalty under the Statute that we now have that applies to this case is forty years. Of course, with that, Mr. Victorian, you will be eligible for good time, and you will be eligible for parole. Nothing that this Court has anything to do with it. It's simply that our Legislators have seen fit to have good time and parole time, and they figure it out. They have a whole staff that does that.
....
. . . . Mr. Victorian, you've shown that you cannot comply with the conditions of probation. You were revoked  you were terminated unsatisfactorily previously. You have hurt people previously. You've been arrested five times; three of `em were violent crimes against the person, one cost somebody's life ....
....
. . . . I presided over all your Hearings. I was there when I accepted your plea. I thought it was a good plea. You never know what's gon'na happen when you go to trial, but you said you hoped that a plea to Manslaughter, you would get some leniency, and you are. If you were convicted for Second Degree Murder, you'd go to Angola for the rest of your life. Manslaughter, you have the benefit of good time and you have the benefit of parole, and that would not be any mud on my hands, `cause when it comes up for my recommendation, I'm gon'na do like I've done with everybody. If I give you twenty years, I think you ought to do twenty years, but I do not make the laws; I simply try to carry `em out as best I can.
I think it would be inappropriate for me to give you any time less than forty years at hard labor. I do not relish that, but I must go home and feel that I've done what I  society thinks that I should do. Your second strike, you've got your leniency, and I'd be willing to bet that probably twenty years from now ... you'll be out....
....
Sentence of the Court, forty years at hard labor, the maximum possible sentence for Manslaughter. That's the sentence of the Court. You have three years to file any post-conviction relief, and of course, if you feel it appropriate, you can appeal the sentence of the Court. If you feel that it is too harsh, then the First Circuit will review it, and perhaps the Louisiana Supreme Court, and if they want to reduce that sentence, they can do it, but I feel that that sentence is the only appropriate sentence for me to give you.
Revised Statutes article 15:571.3(D) prohibits an offender convicted of his second crime of violence from benefitting from "good time."[2] The instant offense, manslaughter, is so listed as a crime of violence. La. R.S. 14:2(B)(4) (previously La. R.S. 14:2(13)(d)). Additionally, the defendant has a prior conviction for aggravated battery, which is also a crime of violence. He, therefore, cannot legally earn "good time" credit. The trial court erroneously stated that he could. Nevertheless, the trial court's statements do not reflect a desire that the defendant serve less than the sentence imposed. On the contrary, the trial court noted that the defendant received leniency when he was allowed to plead guilty to manslaughter and insinuated that the trial court desired the defendant to serve the entire forty years.
In sentencing the defendant, the trial court properly considered his prior criminal history, his prior failed attempts at probation and rehabilitation, the severity of the actual crime committed, and the reduction in the defendant's exposure to incarceration based on his plea of guilty to a reduced charge. Germany, 42,239 at p. 5, 981 So.2d at 795; Heath, 447 So.2d at 577. Absent a showing of manifest abuse of discretion, we will not set aside a sentence as excessive. Guzman, 99-1528 at p. 15, 769 So.2d at 1167. The defendant has failed to show such abuse. Thus, this assignment of error lacks merit.

CONCLUSION
Having found no merit in the defendant's assignments of error, the defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The defendant does not contend that he was misled by the trial court's references to "good time." His plea agreement did not include a bargain regarding the sentence to be imposed, and the trial court's comments occurred after the defendant had waived his rights, acknowledged that he could be sentenced to the maximum punishment, and entered his plea of guilty.
[2] This provision was added by 1994 La. Acts 3d Ex. Sess. No. 150, § 1, which became effective on August 27, 1994.