PEATROSS, J.
 

 |-i Pursuant to a plea bargain agreement, Defendant, Jamardo Robinson, pled guilty to possession with intent to distribute cocaine, a Schedule II controlled dangerous substance, and was sentenced to eight years’ imprisonment at hard labor with the first two years to be served without the benefit of parole, probation or suspension of sentence. Defendant now appeals his sentence as excessive. For the reasons stated herein, we affirm.
 

 FACTS
 

 On November 30, 2009, Defendant was sitting in a parked vehicle when he was approached by officers of the Springhill Police Department. The officers detected the strong odor of marijuana and noticed Defendant attempting to conceal something within the vehicle as they approached. Defendant then resisted as officers attempted to place him under arrest. After placing him under arrest, the officers conducted a search of Defendant and the vehicle. The search yielded a bottle containing five rocks of crack cocaine in Defendant’s pocket, a bag containing an additional six rocks of crack cocaine in Defendant’s immediate vicinity and a loaded gun under one of the seats in the vehicle.
 

 Defendant was originally charged by bill of information with one count of possession with intent to distribute cocaine, a violation of La. R.S. 40:967(A), and one count of possession of a firearm while in possession of a controlled dangerous substance, a violation of La. R.S. 14:95(E). Defendant was also charged with one count of resisting an officer. As a result of a plea bargain agreement, Defendant pled guilty to |2the charge of possession with intent to distribute cocaine in violation of La. R.S. 40:967(A) and the State dismissed the remaining charges.
 

 During the sentencing hearing, the trial judge discussed the circumstances of the case at length and the numerous factors he considered in sentencing Defendant, including those set forth in the presentence investigation (PSI) report. The trial judge noted Defendant’s status as a first-felony offender and the fact that his crime was committed while he was out on bond awaiting trial for the charge of second degree battery. The trial judge also cited Defendant’s alleged membership in a local gang as a matter of concern, as well as the fact that he was arrested and charged with another drug offense, possession of marijuana, while out on bond awaiting sentencing on the present conviction. Finally, the trial judge noted that Defendant was in possession of a firearm at the time the offense was committed, creating an inherently dangerous situation.
 

 Concluding that a lesser sentence would deprecate the seriousness of the offense, the trial judge sentenced Defendant to eight years’ imprisonment at hard labor, with the first two years to be served without the benefit of parole, probation or suspension of sentence. No optional fine was imposed. The trial judge denied Defendant’s timely motion to reconsider sentence and this appeal ensued.
 

 DISCUSSION
 

 Assignment of Error Number One (verbatim):
 
 Jamardo Robinson is a nineteen year old first offender. He received a sentence of eight years at hard labor. The sentence imposed was unconstitutionally harsh and excessive. This sentence constitutes cruel and unusual punishment con
 
 *1038
 
 sidering the facts and circumstances of this case.
 

 |sIn his sole assignment of error, Defendant asserts that his sentence is excessive. In support of this contention, Defendant points to his young age, the fact that he is a first-felony offender and the trial judge’s erroneous consideration of several aggravating factors.
 

 The sentencing range for possession with intent to distribute cocaine is at least two years and not more that thirty years at hard labor, with the first two years of the sentence to be served without the benefit of parole, probation or suspension of sentence. La. R.S. 40:967(B).
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating factor so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,-855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 07-0805 (La.3/28/08), 978 So.2d 297.
 

 The goal of La. C. Cr. P. art. 894.1 is the articulation of the factual basis for a sentence, not the rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Landos,
 
 419 So.2d 475 (La.1982);
 
 State v. Swayzer,
 
 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267,
 
 writ denied,
 
 08-2697 (La.9/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s prior | ^criminal record, the seriousness of the offense, the likelihood of rehabilitation and his personal history, including his age, family ties, marital status, health and employment record.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Ates,
 
 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259,
 
 writ denied,
 
 08-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 07-0144 (La.9/28/07), 964 So.2d 351.
 

 Second, a sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 01-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 01-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (La. App.2d Cir.1/24/07), 948 So.2d 379;
 
 State v. Bradford,
 
 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
 

 A trial court has broad discretion to sentence within the statutory limits.
 
 State v. Black,
 
 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667,
 
 unit denied,
 
 96-0836 (La.9/20/96), 679 So.2d 430. In cases where a defendant has pled guilty to an offense which does not adequately describe his conduct or where he has received a significant reduction in potential | r,exposure to confinement through a plea bargain agreement, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 Id.; State v. Germany,
 
 43,239 (La. App.2d Cir.4/30/08), 981 So.2d 792. Absent a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive.
 
 State v. June,
 
 38,440 (La. App.2d Cir.5/12/04), 873 So.2d 939;
 
 State
 
 
 *1039
 

 v. Lingefelt,
 
 38,038 (La.App.2d Cir.1/28/04), 865 So.2d 280,
 
 writ denied,
 
 04-0597 (La.9/24/04), 882 So.2d 1165;
 
 State v. Guzman,
 
 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
 

 In the case
 
 sub judice,
 
 with regard to the issue of aggravating factors considered by the trial court, Defendant asserts that the trial judge erred during sentencing by stating that Defendant committed a violent offense while out on bond. The trial judge indicated, however, in his earlier recitation of the facts that he was aware of the nature of the instant offense as a drug crime, rather than a violent offense. Accordingly, the trial judge’s later misstatement is not significant.
 

 Defendant also argues that there is no evidence in the record contradicting his assertion that the firearm discovered in the vehicle “was not his.” For the firearm to be considered as an aggravating factor during sentencing, it is only required to be within Defendant’s possession or immediate control; ownership of the firearm is irrelevant. La. R.S. 14:95(E). The officers found the firearm under a seat in the vehicle being occupied by Defendant and it could have been used by him against law enforcement officers or other third parties. Accordingly, we find no error in | fithe trial judge’s consideration of the firearm as an aggravating factor during sentencing.
 

 Defendant further claimed that he was not a member of the gang known as “4000” as was reported in the PSI report. Noting Defendant’s failure to raise the issue in his motion to reconsider and also the lack of evidence presented to the contrary at the sentencing hearing, we find no merit in this contention.
 

 Finally, the imposed sentence of 8 years’ imprisonment was on the low end of the sentencing range, considering the potential maximum sentence of 30 years. Additionally, the sentence was specifically tailored to Defendant given his first-felony offender status, the fact that he committed the crime while awaiting trial on a charge of second degree battery and considering that he committed another drug crime while out on bond awaiting sentencing for the instant offense. The sentence imposed by the trial judge was, therefore, not grossly disproportionate to the severity of the offense, nor was it shocking to the sense of justice. Furthermore, Defendant received a significant reduction in potential exposure to confinement through his plea bargain agreement and, as previously noted, received far less than the maximum potential sentence for his crime.
 

 This assignment of error is without merit.
 

 CONCLUSION
 

 For the foregoing reasons, the sentence of Defendant, Jamardo Robinson, is affirmed.
 

 AFFIRMED.