MOORE, J.
|TThe defendant, LeMario D. Martinez, pled guilty to one count of distribution of marijuana, a Schedule I controlled dangerous substance in violation of La. R.S. 40:966 A. He was subsequently sentenced to five years’ imprisonment at hard labor. The defendant now appeals, alleging that the sentence is unconstitutionally excessive. For the following reasons, we affirm the conviction and sentence.
FACTS
On June 3 and 5, 2009, the defendant sold marijuana to a confidential informant. On September 14, 2009, the state filed a bill of information charging the defendant, LeMario D. Martinez, with two counts of distribution of marijuana, a Schedule I controlled dangerous substance in violation of La. R.S. 40:966(A)(1). After initially entering pleas of not guilty on both counts, the defendant withdrew the pleas and entered a plea of guilty to one count of distribution of marijuana in exchange for the state’s agreement to dismiss the second count and to not file a bill of information charging the defendant as a habitual offender. No agreement as to sentence was reached.
After the defendant was advised of his constitutional rights under Boykin, the court accepted the defendant’s guilty plea as free and voluntary. The court ordered a presentence investigation (“PSI”) prior to imposing sentence.
*661 Sentencing took place on October 12, 2011. The court stated that it had reviewed the PSI and the mitigating evidence presented by the defendant. The defendant was a second felony offender previously | {¡convicted on March 31, 2000, of possession with intent to distribute marijuana. On that same date, he was also convicted on a misdemeanor charge of illegal carrying of a dangerous weapon. He was sentenced to a suspended sentence of five years hard labor subject to five years of active supervised probation on the drug charge and a suspended sentence of six months in jail subject to two years of active supervised probation on the weapons charge. The defendant successfully completed his probationary period on the weapons charge, but on March 17, 2004, his probation was revoked on the drug conviction. He was subsequently released on parole on September 14, 2005, and successfully completed his parole on March 9, 2009.
The defendant was 27 years old at the time of his offense and 30 years old at the time of sentencing. He was the first child born to unwed parents by whom the defendant has four half-brothers and seven half-sisters. He was raised by his grandparents and attended public school in Ray-ville, Louisiana. He completed the 10th grade before dropping out of school. He is currently married to Ozell Martinez although they are separated. They have a son and a daughter living with the defendant according to the PSI. The report lists various jobs held by the defendant over the years, but does not detail the length of that employment. At the time of preparation, however, the report indicates that the defendant was unemployed and had been denied disability benefits.
As to the present case, the PSI indicates that on June 8, 2009, the defendant sold to a confidential informant 12 grams of marijuana, which he |3measured on a scale. The sale took place at the defendant’s home.
At the time of sentencing, defendant and his children were living on his son’s SSI checks and approximately $400.00 per month earned by the defendant by mowing yards. The son also had a “Supplemental Care Trust” valued at approximately $247,000, the origin of which is unexplained, but presumably is related to the child’s medical condition for which he receives care at the Shriners Hospital for Children in Shreveport. The defendant also attached various letters from family and friends generally speaking to the defendant’s good character and attesting to the love and the care he provided for his children. Lastly, defendant submitted various photographs of himself with his children.
In imposing sentence, the trial court concluded that a probated sentence was not appropriate since the defendant had been unable to satisfactorily complete the probated sentence he received upon his first felony conviction, a drug charge. Stating that any lesser sentence would deprecate the seriousness of the offense, the court sentenced the defendant to five years’ imprisonment at hard labor, which is the minimum length of sentence allowed under the statute. La. R.S. 40:966(A)(3).
The defendant filed a pro se motion to reconsider sentence alleging that the sentence was unconstitutionally excessive. The trial court denied the motion on October 26, 2011, stating that the sentence was more than reasonable based upon the PSI, the defendant’s own submissions and his second-offender status. The defendant then sought a writ of review from this court for the denial of his motion to reconsider sentence. We granted 14the application, noting that the denial of such motion can be considered on appeal under La. C. *662 Cr. P. art. 912.1, and we transferred the matter to the district court for consideration as a motion for appeal and appointment of counsel. The instant appeal followed.
DISCUSSION
Defendant’s sole assignment of error is that the court erred by imposing an unconstitutionally excessive sentence. He has two children, one of whom has a medical condition, and he is employed. He contends the sentence fails to provide him with the opportunity to be rehabilitated and re-enter society as a productive member. The five-year sentence for this nonviolent crime, defendant argues, serves no purpose other than the needless imposition of pain and suffering.
The state argues that the record reflects that the trial court considered the mitigating and aggravating factors in accordance with La. C. Cr. P. art. 894.1, tailored the sentence to this particular defendant and imposed the minimum-term sentence allowed by the statutory range. Furthermore, the state contends that the low-range sentence is not constitutionally excessive as it is neither out of proportion to the seriousness of the offense, nor does it shock the sense of justice.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately | r,considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App. 2 Cir. 2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,-350 (La.App. 2 Cir. 8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App. 2 Cir. 8/13/08), 989 So.2d 259, writ, denied, 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App. 2 Cir. 12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. | ^State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La. 1992); State v. Robinson, 40,983 (La.App. 2 Cir. 1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App. 2 Cir. 4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. *663 Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Germany, 43,239 (La.App. 2 Cir. 4/30/08), 981 So.2d 792, State v. Black, 28,100 (La.App. 2 Cir. 2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App. 2 Cir. 5/12/04), 873 So.2d 939; State v. Lingefelt, 38,038 (La. App. 2 Cir. 1/28/04), 865 So.2d 280, writ denied, 2004-0597 (La.9/24/04), 882 So.2d 1165.
Martinez received the statutory minimum sentence of five years imprisonment at hard labor. The sentencing range under La. R.S. 40:966(B)(3) is imprisonment at hard labor of not less than five nor more than thirty years. Based on his original motion to reconsider sentence, it is clear that Martinez wants the sentencing court to impose a suspended sentence under supervised probation rather than imprisonment.
|7The trial court is not required to render a suspended sentence or probation on a first (or qualifying second) felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. La. C. Cr. P. art. 893; State v. Bradford, supra. See also State v. Flores, 27,736 (La.App. 2 Cir. 2/28/96), 669 So.2d 646.
In the present case, the trial court indicated that it gave consideration to the factors enumerated in La. C. Cr. P. art. 894.1, even if it did not thoroughly articulate each factor and the role it played in the determination of the sentence. Given that the defendant was a second-felony offender, had previously received the benefit of a probated sentence (which he was unable to complete) and received a substantial benefit in the state’s agreement to dismiss one of the charges against him and to not seek a habitual offender adjudication, the record shows an adequate factual basis for the sentence imposed.
We conclude that the sentence imposed is not grossly disproportionate to the seriousness of his offense, nor does it shock our sense of justice. Accordingly, it is not unconstitutionally excessive.
This assignment is therefore without merit.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.