STEWART, J.
Lin accordance with a plea agreement, the defendant, Robert B. Sanders, pled guilty to one count of indecent behavior with a juvenile, a violation of La. R.S. 14:81. He was sentenced to 20 years at hard labor, with the first two years being served without benefit of probation, parole, or suspension of sentence. He was also ordered to register as a sex offender. The defendant now appeals. For the reasons stated herein, the defendant’s conviction and sentence are affirmed.
FACTS AND PROCEDURAL HISTORY
On July 18, 2012, the defendant was charged by bill of information with the aggravated rape of H.L.[1] in violation of La. R.S. 14:42. In accordance with a plea agreement with the state, the defendant pled guilty to one count of indecent behavior of a juvenile, in violation of La. R.S. 14:81.
According to the arrest report, on June 17, 2012, H.L.’s mother, Latricia Southern, *162 went to the Franklin Parish Sheriffs Office to file a complaint. Southern alleged H.L. and H.L.’s friend had gone swimming with a group of friends at Big Creek on June 13, 2012. It was there that they met the 21-year-old defendant, and H.L. and the defendant exchanged numbers. That evening the two communicated with each other via text messages, and at approximately 1:00 a.m. on June 14, 2012, the defendant picked up H.L. and her friend at a location near H.L.’s home. The defendant drove the girls to Big Creek, and the defendant asked the girls if they would like to go skinny dipping. H.L.’s friend declined, but H.L. agreed. The | ^defendant removed his clothes, and H.L. removed hers with the exception of her underwear. After complaining that the water was too cold, the defendant and H.L. got out of the water. The defendant began to kiss her, placed his hand inside of her underwear, and touched her vagina. H.L. stated that she wanted to leave, and they traveled to Davis Park. The defendant ordered H.L.’s friend out of his truck. H.L. then performed oral sex on the defendant, while he touched her vagina. After-wards, the defendant dropped the girls off at H.L.’s house at approximately 4:45 a.m.
After the incident occurred, H.L.’s mother discovered the text messages between H.L. and the defendant on H.L.’s cell phone. H.L. later told her father what had occurred.
On June 26, 2013, in accordance with the plea agreement, the defendant appeared in court to plead guilty to one count of indecent behavior with a juvenile younger than 13 years of age. The plea agreement did not include an agreement regarding the defendant’s sentence. Before accepting the defendant’s guilty plea, the trial court advised him of his Boykin[2] rights. The defendant waived his rights. The trial court also informed the defendant of the applicable penalty for the crime of indecent behavior with a juvenile under the age of 13. The state then recited the following factual basis for the defendant’s plea, which the defendant did not dispute:
I would just say for the record, Your Honor, that on the date of the offense the defendant engaged in lewd and lascivious acts of a sexual nature including oral sex and fondling with the victim who was 12 years old at the time of the offense.
| ^Thereafter, the trial court accepted the defendant’s plea, and a presentence investigation report was ordered. The defendant’s sentencing hearing was set for August 28, 2013.
On August 23, 2014, the defendant’s counsel filed a motion to continue and reset the sentencing hearing, stating that he needed additional time to prepare for the hearing after receiving the presentence investigation report. This motion was denied on August 26, 2013.
On August 28, 2013, the defendant’s sentencing hearing was conducted. Again, the defendant’s counsel urged the motion for a continuance. He argued that he had not had enough time to prepare for the sentencing hearing after receiving several letters written by H.L.’s health care providers regarding the impact of the defendant’s crime on H.L. Further, he argued that the defendant was entitled to cross-examine H.L.’s health care providers regarding their evaluations because the text messages between the defendant and H.L. contained information inconsistent with their opinions. The defendant’s motion to continue was denied, and the trial court proceeded with sentencing.
*163 During the hearing, the trial court noted its review of the presentenee investigation report, the letters submitted on behalf of the defendant and H.L., and the transcript of text messages exchanged between the defendant and H.L. Several of the letters from H.L.’s health care providers stated that H.L. had suffered from emotional and psychological problems following the sexual assault. One of the reports referenced H.L.’s statement during therapy that she believed she had become a lesbian as a result of the incident |4with the defendant. The trial court also noted its review of the sentencing factors set forth in La. C. Cr. P. art. 894.1, and found the defendant was in need of correctional treatment. It sentenced the defendant to serve 22½ years at hard labor, with the first two years to be served without the benefit of parole, probation, or suspension of sentence.
On September 26, 2013, the defendant filed a motion to reconsider his sentence, arguing that his near maximum sentence was excessive because he was not the worst kind of offender. He further argued that the trial court did not have a basis to conclude that he would likely commit another crime if not incarcerated. The defendant also complained that he was not permitted to cross-examine H.L.’s health care providers. This motion was granted.
On October 30, 2013, the defendant’s motion was heard. The trial court accepted a report and resume from Dr. David Williams into evidence. Dr. Williams opined that H.L.’s statement that she had become a lesbian due to her encounter with the defendant was not supported by the medical literature he had reviewed. He also noted that H.L. had referenced her “girlfriend” in text messages with the defendant after the sexual encounter, which might demonstrate that her sexual identity had been in question prior to her therapy, but not necessarily before the incident with the defendant.
The trial court found that it had incorrectly determined that the defendant would likely commit another crime if not incarcerated, and re-sentenced him to serve 20 years at hard labor, with the first two to be served [¿without the benefit of parole, probation, or suspension of sentence. This appeal ensued.
LAW AND DISCUSSION

Excessiveness of Sentence

In the first assignment of error, the defendant argues that the sentence imposed by the trial court is excessive because he is a first felony offender with a good reputation in the community. He also argues that the trial court erred by not granting a further reduction in his sentence.
The state argues that the defendant’s sentence is not excessive, and that the trial court adequately considered all of the aggravating and mitigating factors.
The test for reviewing an excessive sentence claim is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial'judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered include the defendant’s personal history (age, family ties, marital status, health, employment rec *164 ord), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, unit denied, 2004-2606 (La.6/24/05), 904 So.2d 728. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const. Art. I, § 20 if it is grossly disproportionate to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379.
Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the pled offense. State v. Germany, 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792; State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. A trial court has broad discretion to sentence within the statutory limits.
On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Free, 46,894 (La.App.2d Cir.1/25/12), 86 So.3d 29. Absent a showing of manifest abuse of discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.
Whoever commits the crime of indecent behavior with juveniles on a victim under the age of 13 when the offender is 17 years of age or older, shall be punished by imprisonment at hard labor for not less than two nor more than 25 years. At least two years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence. La. R.S. 14:81(H)(2).
Here, the court reviewed the presen-tence investigation report that contained both aggravated and mitigating factors. The defendant’s youthful age, lack of a criminal record, and work history were mitigating factors considered by the trial court.' The defendant was a 21-year-old, first felony offender who lacked a criminal record. Aggravating factors considered by the trial court included the severity of the offense, the young age of H.L., and the psychological injury to the victim. H.L. was 12 years old at the time the incident occurred.
|sThe defendant was sentenced to 20 years at hard labor with the first two years to be served without the benefit of parole, probation, or suspension of sentence. We would be remiss if we did not mention that the state had sufficient evi *165 dence to convict the defendant of aggravated rape, and that the defendant received a significant benefit by pleading guilty to a lesser charge. Additionally, the trial court reduced the defendant’s original 22]é-year sentence to 20 years after finding there was no proof that he was likely to commit another crime if not incarcerated.
After a careful review of the record, we find that even though the sentence imposed by the trial court is at the higher end of the sentencing range, it was not an abuse of discretion. The trial court adequately considered all of the aggravating and mitigating factors when tailoring its original and amended sentence for the defendant. Therefore, this assignment of error is without merit.

Motion to Continue

In the defendant’s second assignment of error, he argues that the trial court erred in denying his motion to continue the sentence hearing in violation of his due process right to confrontation. Specifically, the defendant argues that the trial court erroneously denied his motion for a continuance to allow him time to subpoena and cross-examine the health care professionals who gave medical opinions regarding H.L.’s well-being after the incident.
The state argues that the defendant had a sufficient amount of time to review and respond to the information contained in the presentence | 9investigation, as well as the letters containing the opinions of H.L.’s medical providers. The state also argues that the denial of the defendant’s motion to continue the sentence hearing became a moot issue when the trial court granted the motion to reconsider his sentence and considered all of the information provided by him.
Although a PSI is privileged and must remain confidential, the trial court is authorized, and upon timely request and proper allegations must, advise and disclose to the defendant, or his counsel, the factual, nonconfidential contents and conclusions of the PSI report or other derogatory or prejudicial information communicated directly to the sentencing judge before sentencing as long as the sources remain confidential, or unless the judge determines after in camera examination, that the material should be withheld because it is not relevant or was obviously intended to be confidential. La. C. Cr. P. art. 877; State v. Coleman, 574 So.2d 477 (La.App.2 Cir.1991); State v. Telsee, 388 So.2d 747 (La.1980). The purpose of this constitutionally-required “access” is to afford the defendant and his counsel an “opportunity” to deny, rebut or explain any adverse, incorrect and prejudicial PSI or other information (even that otherwise secret to the sentencing judge himself) to which the trial court was exposed prior to imposing sentence in order to avoid an excessive sentence improperly resulting from materially false information. Coleman, supra; State v. Richardson, 377 So.2d 1029 (La.1979). This right is given effect by allowing defense counsel to examine the report prior to sentencing |Klso that any false information may be rebutted at the sentencing hearing. State v. Lahrmann, 475 So.2d 116 (La.App.2 Cir.1985).
Here, the defendant was given the PSI and the corresponding victim impact letters, specifically the letters containing the opinions of H.L.’s medical providers, to review on August 22, 2013, several days before the defendant’s sentencing hearing. The letters containing the opinions of H.L.’s medical providers reflected the medical opinions about the effect the crime had on H.L. Even though the trial court denied the defendant’s motion to continue and reset the sentencing hearing, he was given the opportunity to rebut these let *166 ters. Prior to the defendant’s sentencing, his counsel presented the argument that the opinions expressed by H.L.’s health care providers were contradicted by text messages between H.L. and the defendant. The trial court was also given a copy of these text messages. Additionally, as mentioned in the facts section of this opinion, the defendant’s motion to reconsider his sentence was granted, and he was given the opportunity to submit a report and resume from Dr. David Williams into evidence in support of his argument.
The record is clear that the defendant’s rights in regard to his PSI were not violated. Further, the trial court did not give any undue weight to the victim impact letters. Rather, it based the defendant’s 20-year sentence on a review of all of the evidence submitted. Accordingly, we find this assignment to be without merit.
^CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. In accordance with La. R.S. 46:1844(W), the victim shall be referred to by initials only.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).