DREW, J.
|,Victor Love was charged with armed-robbery while possessing a firearm in violation of La. R.S. 14:64 and 14:64.3. The polled jury revealed 10 votes to convict as charged.
A motion for post-verdict judgment of acquittal was denied.
The defendant was sentenced to 20 years at hard labor for the crime of armed robbery, under La. R.S. 14:64, and an additional five year's at hard labor under La. R.S. 14:64.3, the firearm enhancement statute. The sentences were ordered to be served consecutively, for a combined total of 25 years at hard labor without benefits.
A motion to reconsider sentence was denied.
He now appeals. We affirm in' all respects., . , ■
FACTS
On January 3, 2014, Aleda Hill, an assistant store manager at the Brook-shire’s store on Pines Road in Shreveport, was robbed at gunpoint as she worked the customer service desk. The actual robbery is on video,[1] and Ms. Hill identified the defendant in court as the person who robbed her.
Ms. Hill testified as to the .facts of the armed robbery.[2]
■ |2Ms. Hill further testified:
*139 • when the robber left the store, she reported the event to her manager;
• she and the manager went outside to get a look at the-getaway ear;
• she also called the police and pulled up the surveillance video';''
• the robber’s vehicle was a “four door greyish Charger”;[3] and
• the events depicted on the video exactly match her recollection.
Shreveport Police Department Detective John Jackson testified that:
• on January 7, 2014, he showed Hill a six-person photographic lineup, and she immediately identified the defendant as the robber;
• the video corresponded' to Hill’s recollection of the incident;[4]
• while Hill was attempting to get the money from the cash drawer, she kept her hands up to show the defendant she was not a threat;
• the robber on the vide9 was the defendant sitting in court;
• the surveillance video was sent to media outlets and placed on Crime Stoppers, which quickly led him to the defendant;
• outside of Hill, there were no other witnesses to the incident;
• he never recovered the firearm used during the robbery; and
• he never located the defendant’s Dodge Charger.
' DISCUSSION
I. Sufficiency
The defendant claims:
• the state failed to prove beyond a reasonable doubt that he was armed with a dangerous weapon at the time of the robbery;
he- is therefore not guilty of armed robbery, and his sentence should not have.been enhanced under La. R.S. 14:64.3;
• the only evidence the state presented of a dangerous weapon was the testimony of the victim, Hill; and
• Hill did not accurately recall what happened, as the video did not show him pulling a gun from his pocket,, but only pulling up his shirt.
The state responds that the defendant is merely making a credibility argument which is in the province of the jury which is the trier of fact.
Our law on appellate review of sufficiency issues is well settled.[5]
*140 The defendant was charged with armed robbery, a violation of La. R.S. 14:64, which, provides that armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed | ¿with a dangerous weapon. His sentence was enhanced pursuant to La. R.S. 14:64.3 because he was armed with a firearm at the time of the robbery. ' The issue is whether any. rational trier of fact could have found the essential elements of armed robbery with a firearm beyond a reasonable doubt.
To convict the defendant of armed robbery, the state was required to prove: (1) a taking (2) of anything of value (3) from the person or in the immediate control of another (4) by the use of force of intimidation (5) while armed with- a dangerous weapon. In order to enhance the defendant’s sentence under La. R.S. 14:64.3, the state was required to prove that the dangerous weapon us.ed in the commission pf the robbery was a firearm.
We have examined Hill’s testimony at-trial and have laboriously viewed the video of the crime. We agree that the defendant at least lifted, his shirt to brandish his firearm. We also see on the video the extreme fright of a victim who had ample opportunity to view the weapon from three or four feet away. The jury apparently found Hill’s testimony credible, and the verdict is clearly sustainable on this record.
The production of a weapon is not .necessary in an armed robbery prosecution where the state can establish through witness observations all of the elements of the offense beyond a reasonable doubt, including the existence and use of a dangerous weapon. State v. Ball, 32,498 (La.App.2d Cir.12/15/99), 748 So.2d 1249, writ denied, 2000-6506 (La.10/6/00), 770 So.2d 364.
In viewing the evidence in the light most favorable to the prosecution, we find the state presented sufficient evidence to convince any rational trier |fiof fact beyond a reasonable doubt that this defendant com *141 mitted the crime of armed robbery while armed with a firearm.
II. Excessiveness
The defendant claims that his sentence of 25 years at hard labor without benefits is unconstitutionally harsh and excessive. He argues that the trial court considered inappropriate factors in the imposition of his sentence, and - failed 'to consider mitigating factors áuch as his personal history.
Our law on appellate review of sentences is well settled.[6]
Defendant’s combined sentencing exposure under the two statutes was 104 years at hard labor without benefits. His sentence was on the very |filow end of 'this range.[7] In addition, since he was previously convicted of armed'robbery, he could have been .prosecuted .as an habitual offender, which would have further increased his exposure to the penitentiary.
The defendant’s argument that his sentence is unconstitutionally excessive is in no way supported by the record. The trial court considered the factors in La. C. Cr, P, art. 894.1, and stated for the record that the defendant would-’ continue to break the law if not incarcerated.
The trial court considered the following aggravating factors: ,
• the defendant’s conduct manifested deliberate cruelty to his victim;
• he' created the risk of death or great bodily harm to more than one person;
*142 • he used threats of violence during the robbery, and used'a firearm;
• he had a prior felony conviction;[8] and
• there were no mitigating circumstances.
The defendant argues that the trial court did not request a presentence investigation,[9] did not discuss his personal or employment history, and failed to consider injuries he had sustained from a fall in jail. The defendant also complains that, as stated in his motion to reconsider the sentence, he has ah intellectual disability, and was under the influence of drugs at the 17time he committed the offense. He believes he has potential for rehabilitation if drug treatment became available to him.
The defendant argues that the use of a firearm was an inappropriate consideration since he was already sentenced for the use of a firearm separately from the armed robbery conviction. This court has held that some factors under La. C. Cr. P. art. 894.1(B) can be subsumed in the charge of armed robbery, yet these factors can still be considered in sentencing. State v. Willis, 45,857 (La.App.2d Cir.12/15/10), 56 So.3d 362, writ denied, 2011-0150 (La.6/17/11), 63 So.3d 1034.
The trial court did not abuse its discretion with this sentence.
III. Discovery Violations and Bench Conference Exclusion
In defendant’s pro se assignment of error, he argues:
• prior to trial and again prior to sentencing, he notified the trial court of numerous discovery items that were not disclosed to him;
• the Communications Audio Dispatch (“CAD”) Report and fingerprint analysis sheet information were not disclosed to him;
• the trial court should have questioned his defense attorney about the specific discovery items he was entitled to;
• the. trial court should haye produced an order, directing the district attorney to provide the discovery items; and
• the trial court conducted an off-the-record bench conference and denied the defendant the right to hear what was ‘being discussed, when there was no reason for him not to be involved.
The Sixth Amendment to the United States Constitution and La. Const. Art. I, § 13⅞ safeguard a defendant’s right to effective assistance of trial counsel. State v. Thomas, 2012-1410 (La.9/4/13), 124 So.3d 1049. A defendant asserting an ineffective assistance claim must show: (1) that | «defense counsel’s1 performance was deficient, and (2) that the deficiency prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant has the burden of showing that “there is a reasonable probability that, but for counsel’s unprofessional errors, the results of the proceeding would have been different.” Strickland, supra.
Generally, a claim of ineffective assistance of counsel is properly raised in an application for post-conviction relief (“PCR”) in the trial court. This is because PCR creates the opportunity for a full evidential^ hearing under La. C. Cr. P. *143 art. 930. A motion for new trial is also an acceptable yehicle by which to raise such a claim. State ex rel. Bailey v. City of West Monroe, 418 So.2d 570 (La.1982); State v. Ellis, 42,520 (La.App.2d Cir.9/26/07), 966 So.2d 139, writ denied, 2007-2190 (La.4/4/08), 978 So.2d 325. When the record is sufficient, the claim may be resolved on direct appeal.in the interest of judicial economy. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Willars, 27,394 (La.App.2d Cir.9/27/95), 661 So.2d 673.
There are times when a defendant must be present during court proceedings.[10]
|flA defendant is not required to take part in all bench conferences. La. C. Cr. P. art. 831. State v. Wesley, 33,402 (La.App.2d Cir.5/10/00), 759 So.2d 286, writ denied, 2000-1702 (La.4/12/01), 788 So.2d 1201. “Presence of the defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.” State v. Kahey, 436 So.2d 475 (La.1983). In certain instances, presence of defense counsel may be sufficient • to satisfy the statutory requirement of presence of the defendant at important stages of a trial. State v. Wesley, supra.
At trial, the defendant was somewhat disruptive.[11]
I mPrior to sentencing, the defendant expressed dissatisfaction with his appointed *144 counsel, and again complained about the state’s failure to produce items needed for his defense. The trial court responded that these complaints could be raised on post-conviction relief or on appeal.
Further,'the defendant’s presence at the off-the-record bench conference on September 22, 2014, was not required in order to satisfy due process. La. C. Cr. P. art. 831. The defendant’s attorney participated in the bench conference, the jury Was not present, and the admissibility of evidence was not at issue.' From the record, it appears as though the trial court called the bench conference in response to the defendant’s constant interruption of the court proceedings. In effect, the defendant seeks to benefit from his disruption at trial, by now complaining about his exclusion from a bench conference obviously triggered .by his poor behavior.[12]
On this record, the defendant’s pro se claims appear to be frivolous.
DECREE
The defendant’s conviction and sentence are AFFIRMED.

. The video clearly shows the victim’s immediate and sustained fear of being harmed by the armed robber.

. "He walked up. He pulled out a gun and said he wanted the money. I made a noise and I tried to exit the service center. He walked the width of the service center on the opposite side, stopped me and said, no, come back. He ordered me to come back to face the window of the service center. And he *139 tried — at that point, he tried to assure me it's going to be fine, all I want is the money. He kept repeating himself, all I want is the money.”
"So at that point ... I gave him the money. I was nervous so I pulled the money out and I was giving it to him and he. said, no, no, no, no, put it in the bag, put it in the bag. So at that time, I was. searching to find a bag. I looked in the trash can, I found a bag, I put the money in the bag. He said, Open a drawer, the bottom, the register. So I opened the till and I said, There’s nothing there. He said, Fine, fine. Then I gave him the money.”

.Christopher Wayand identified Love as the person to whom he sold a black Dodge Charger while working at Landers Dodge in Bossier City, long before the robbery,,

. One discordant issue was Ms. Hill’s frightened perception that the robber pulled a gun. The events shown on video preponderate that the defendant was pulling up his shirt to reveal a gun. ‘In either event, the victim was close enough to see whatever the defendant had under his shirt. '

. When issues are raised on appeal, both as to the sufficiency of evidence and as to one or more trial errors, the reviewing court should 'first determine the sufficiency of the evidence. State v. Lewis, 48,373 (La.App.2d Cir.9/25/13), 125 So.3d 482.
*140 Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), appellate courts review the record in the light most favorable to the prosecution to determine whether the evidence was sufficient1 to convince any rational trier of fact that all the essential elements of the crime had been proven beyond a reasonable doubt, State v. Tate, 2001-1658 (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004), This standard, now legislatively embodied in La. C. Cr. P, art, 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the factfinder. State v. Pigford, 2005-0477 (La.2/22/06), 922 So.2d 517; State v. Dotie, 43,819 (La.App.2d Cir.1/14/09), 1 So.3d 833, writ denied, 2009-0310 (La. 11/6/09), 21 So.3d 297.
It is the function of the trier of fact to assess credibility and resolve conflicting testimony. State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir.1992), writ denied, 617 So.2d 905 (La.1993); State v. Bonnett, 524 So.2d 932 (La.App. 2d Cir.1988), writ denied, 532 So.2d 148 (La.1988). The trier of fact hears the testimony first hand and unless the factfinder’s assessment of believability is without any rational basis it should not be disturbed by a reviewing court. State v. Mussall, 523 So.2d 1305 (La.1988); State v. Combs, 600 So.2d 751 (La.App. 2d Cir.1992), writ denied, 604 So.2d 973 (La.1992).
The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La. 10/16/95), 661 So.2d 442. A reviewing court accords great deference to a factfinder’s decision to accept or reject the testimony of a witness in whole or in part. State v. Eason, 43,788 (La.App.2d Cir.2/25/09), 3 So.3d 685, writ denied, 2009-0725 (La.12/11/09), 23 So.3d 913; State v. Price, 48,986 (La.App.2d Cir.5/15/14), 140 . So.3d 1212, writ denied, 2014-1274 (La.2/6/15), 158 So.3d 814.

. The appellate review of sentences for exces-siveness is two-pronged. First, the record must show that the trial court considered the criteria of La. C. Cr. P. art. 894.1. A trial judge has broad discretion when imposing a sentence within the statutory limits, and the reviewing court may not. overturn a sentence absent manifest abuse of discretion. State v. Smith, 2001-2574 (La. 1/14/03), 839 So.2d 1. The sentencing court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines. State v. Smith, 433 So.2d 688 (La.1983); State v. Linder, 49, 652 (La.App.2d Cir.4/8/15), 162 So.3d 1278. The articulation of the factual basis for a sentence is the goal of La. C. Cr, P. art, 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis.for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Sanders, 49,241 (La.App.2d Cir, 10/22/14), 151 So.3d 160, writ denied, 2014-2536 (La. 1/16/15), 157 So.3d 1133. The important elements which' should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior' criminal record, sériousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.5/15/09), 8 So.3d 581; State v. Sanders, supra. There is no requirement that specific matters be given any particular weight at sentencing. State v. Taves, 2003-0518 (La. 12/3/03), 861 So.2d 144; State v. Caldwell, 46,718 (La.App.2d Cir.11/2/11), 78 So.3d 799.
The second prong is constitutional exces-siveness. A sentence violates La. Const. Art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 92-3120 (La.9/10/93), 623 So.2d 1276; State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is deemed grossly disproportionate if, when the crime and punishment' are viewed in light of the harm done, to society, ⅛ shocks the sense of justice or makes no measurable contribution to acceptable penal objectives. State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158.

. Actually, the trial court lacks jurisdiction to reduce the five-year sentence for the firearm enhancement. This means that for the crime of armed robbery itself; the defendant received 20 years out of a possible 99 years, slightly more than 20% of the maximum exposure.

. He had previously been convicted for armed robbery in California.

. We note that our review of sentences is always assisted by looking at the same.PSI utilized by the trial court in crafting a sentence.

. La. C. Cr. P. art. 831 provides in relevant part:
A. Except as may be provided" by local rules of court in accordance with Articles 522 and 551, a defendant charged with a felony shall be present:
(1) At arraignment;
(2) When a plea of guilty, not guilty, or not guilty and not guilty by reason of insanity is made; *•
(3) At the calling, examination, challenging, impaneling, and swearing of the jury, and at any subsequent proceedings for the discharge of the jury or of a juror; •
(4) At all times .during the trial when the court is determining and ruling on the admissibility of evidence;
(5) In trials by jury, at all proceedings when the jury is present, and in trials without a jury, at all- times when evidence is being adduced; and
(6) Át the rendition of the verdict or judgment, unless he voluntarily absents himself.

. Consider the following representative colloquy:
DEFENDANT: And I have discovery ^materials that he hasn’t given, a CAD report. I have a CAD report that he hasn’t given me through discovery, fingerprint analysis sheet. I only have half of my discovery. He just gave it to me Saturday, ma’am, I asked'for my discovery way—
THE COURT: Okay. Mr. Love, we’re going to proceed. You can have a seat. (Proceeding was recess,ed while other court matters heard.)
DEFENDANT: Your Honor, I have the number for the CAD report, the police report. There is a ton of discovery information that he doesn’t even know about. The CAD report, I’ve got the number right here. I don’t understand what’s going on. I really don’t.
THE COURT: Mr. McClatchey, you need to talk to your client. I’m not going to deal with this all day, okay? I’m not.
[[Image here]]
THE COURT: Let’s bring the jury in.
DEFENDANT: I’m scheduled tó take medication, ma’am. I take it three times a day. I’m sorry. Your Honor, I need my medication. I have a migraine headache.
THE COURT: I have one, too.
DEFENDANT: I’m scheduled to take medication. I take it three times a day. I need my medication.
THE COURT: Mr. Love, please be quiet. If you keep ranting over there, I’m going to remove you from the courtroom.
DEFENDANT: Can I get my medication— my medication, Your Honor?
THE COURT: Counsel approach.
(Off-the-record bench conference.)

. No contemporaneous objection was made about him not being allowed to participate in the bench conference,