LOLLEY, J.
| ¶ This appeal arises out of the Twenty-Sixth Judicial District Court, Webster Parish, State of Louisiana. The defendant, Jamaal Lamont Miller, was charged by bill of information with one count of felony theft of over $1,500.00, in violation of La. R.S. 14:67(B)(1), occurring between the dates of April 2012 and July 2014. Miller pled guilty as charged and was sentenced to serve 10 years at hard labor. After Miller’s pro se motion to amend or modify his sentence was denied, this appeal ensued. For the following reasons; Miller’s conviction and sentence are affirmed.
Facts
Between the dates of April 2012 and July 2014, Jamaal Miller committed theft in Webster Parish of more than $60,000.00 worth of merchandise belonging to his former employer, Fibrebond Corporation. In July 2014, it was determined that 76 items of merchandise were taken, worth a total value of. $63,534.95. The merchandise was traced through a number of pawn shops and scrap yards. Miller admitted to taking these items from Fibrebond without its consent and selling them to pawn shops and scrap yards.
In September 2014, Miller was charged by bill of information with one count of felony theft of over $1,500.00 against Fi-brebond, a violation of La. R.S. 14:67(B)(1). He. subsequently pled guilty as charged with a plea agreement. Miller’s agreement with the state required a presentence investigation report (“PSI”) and allowed Miller to decrease his sentencing-exposure by one year for every $10,000.00 he paid in restitution. Thus, if Miller paid $50,000.00 in restitution, "his sentencing exposure, which was no |2more than ten years at *1162 hard labor, would be capped at five years. However, the restitution had to be paid prior to sentencing.
Miller paid no restitution prior to sentencing. On February 27, 2015, and after the PSI, Miller was sentenced to serve 10 years at hard labor. Subsequently, Miller filed a pro se motion to amend or modify his sentence, arguing that he was not given the sentence agreed upon. The trial court denied Miller’s motion, and this appeal ensued.
Discussion
Miller only brings one assignment of error, arguing that the trial court erred by imposing. an excessive sentence of ten years upon him. He urges that the sentence was not tailored to him as a young, college-educated man who served his country in the United States Air Force, including one- tour in Afghanistan. Miller states he had gainful employment at the time of sentencing, and his family will suffer a hardship if he is unable to work due to imprisonment. Miller further alleges that Fibrebond will suffér financial loss if he is unable to work and provide restitution. Miller’argues that his crime did not entail violence, threats, weapons, drug’ violations, or any other egregious actions. When he spoke at his sentencing hearing, Miller expressed remorse for his actions. The bulk of Miller’s argument is that he is not the worst .type of offender deserving of the maximum penalty under the statute. We disagree.
The • appellate review of sentences, for excessiveness is two-pronged. First, the record must show that the trial court considered the criteria of La. C. Cr. P. art. 894.1. A trial judge has broad discretion when imposing ^sentencing within the statutory limits, and the reviewing court may not- overturn a sentence absent manifest abuse of discretion. State v. Smith, 2001-2574 (La.01/14/03), 839 So.2d 1, 6. The sentencing court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines. State v. Smith, 433 So.2d 688 (La.1983); State v. Linder, 49,652 (La.App.2d Cir.04/8/15), 162 So.3d 1278, 1282.
The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Sanders, 49,241 (La.App.2d Cir.10/22/14), 151 So.3d 160, 164, writ denied, 2014-2536 (La.01/16/15), 157 So.3d 1133. The important elements •which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.08/13/08), 989 So.2d 259, writ denied, 2008-23, 41 (La.05/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Taves, 2003-0518 (La.12/03/03), 861 So.2d 144; State v. Caldwell, 46,718 (La.App.2d Cir.11/02/11), 78 So.3d 799.
UThe second prong is constitutional excessiveness. A sentence violates La. Const. Art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence .is deemed grossly disproportionate if, when *1163 the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no measurable contribution to acceptable penal objectives. State v. Guzman, 1999-1753, 1999-1528 (La.05/16/00), 769 So.2d 1158.
As a. general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Woods, 41,420 (La.App.2d Cir.11/01/06), 942 So.2d 658.
Miller’s argument that his sentence is excessive is not supported by the record. The trial court considered the aggravating and mitigating circumstances of the offense pursuant to La. C. (⅝ P. art, 894.1. The trial court stated for the record that it reviewed the PSI “with interest.” The record reflects that the trial court specifically considered the following mitigating circumstances: Miller is a relatively young person; he served for six years in the Air Force with a tour in Afghanistan; he is well educated with an associate’s degree in criminal justice and bachelor’s degree in mechanical engineering; he has consistently paid his child support; and, he has no history of alcohol or drug abuse.
Despite Miller’s positive personal history, the trial court found Miller’s fhird-felony offender status a decisive aggravating factor. Miller | ¡¡has a criminal history from his time in Georgia. On December 14, 2009, Miller pled guilty to one count of financial transaction card fraud-theft, five counts of financial transaction card fraud, and eight counts of forgery-first degree. Only two years later, on October 14, 2011, Miller pled guilty to two counts of forgery. All of these convictions were felonies under Georgia law. The trial court recounted thei financial injury suffered by. Fibre-bond, which Miller initiated shortly after pleading guilty in Georgia. A representative of Fibrebond stated in the PSI that “this person was put in a position of trust and management ... and used it to steal from us.” The cost of the unrecovered items and/or cash amounted to over $60,000.00. The trial court did not foresee any means by which Fibrebond would ever be compensated.
■ At the sentencing hearing, Miller stated the following:
My mistakes come from not being able to manage my funds well. I got laid off in Georgia from International Paper and I was making six figures a year. I’m ah engineer. But when I got laid off, my bills didn’t get laid off and I’ve made some bad decisions I do work at Cellx-ion_ My boss, as of now, still'said that ... I am still gainfully employed making $5,200.00 á month.... I did not mean to default or to take or hurt the client and I’m truly apologetic for that.... Like I said, I do have the means to pay back the restitution.
The trial court concluded that Miller has exhibited a pattern of taking things that do not belong to him. The trial court specifically stated, “Because I can’t discriminate based upon somebody’s background or those sorts of things, I’ve got to be fair and ... craft your sentence as it relates to you.” Based on all the factors the trial court considered, Miller was given the maximum sentence of 10 years at hard labor.
| (¡Here, the trial court did not abuse its discretion by sentencing Miller to 10 years at hard labor. The PSI indicates that Miller has developed a propensity for taking things that do not belong to him, and the instant offense demonstrates that he is unable to curb this behavior. While the trial court imposed the maximum allowable sentence under the statute, Miller did benefit from the plea agreement. If the state had decided to file a multiple offender bill, Miller’s sentencing exposure would have *1164 changed from 0-10 years with or without hard labor up to 20 years at hard labor without the benefit of probation or suspension of sentence.[1]
Financial problems accompanied with family issues can be disheartening, but an educated former airman should know that the answer to adversity is not participation in criminal activity. Miller was granted a position of confidence with Fibrebond, and it was a job that people would “give their right arm to have,” as the trial court noted. However, Miller showed his appreciation to Fibrebond by stealing over $60,000.00. In light of Miller’s criminal history and the seriousness of the offense, the sentence does not shock the sense of justice, nor is it disproportionate to the severity of the offense. This assignment of error is without merit.
Conclusion
For the above reasons, the conviction and sentence of Jamaal Lamont Miller are affirmed.
AFFIRMED.

. La. R.S. 15:529.1(A)(3)(a).