LEON A. CANNIZZARO, Jr., Judge.
| .STATEMENT OF THE CASE
Tara B. Robinson, the defendant in this case, was convicted of two counts of armed robbery in violation of La. R.S. 14:64. He was sentenced to forty-nine years for each of the armed robbery convictions. The sentences were to run concurrently and *159 were both to be served at hard labor without the benefit of probation, parole, or suspension of sentence. The trial court judge also noted that a crime of violence was included in the charges of which Mr. Robinson had been convicted.
After Mr. Robinson was convicted and sentenced on the two counts of armed robbery [1] the State filed a multiple offender bill of information charging Mr. Robinson with being a second felony offender under the Habitual Offender Law, La. 15:529.1. The bill of information reflected that Mr. Robinson had been found guilty of armed robbery and had previously pled guilty to sexual battery. At the hearing on the multiple offender bill of information, Mr. Robinson pled guilty to Lthe charge of being a second felony offender. The trial court judge accepted Mr. Robinson’s guilty plea, vacated his prior sentence, and re-sentenced him to forty-nine and one half years at hard labor without the benefit of probation, parole, or suspension of sentence.
The minute entry for the guilty plea on the multiple offender bill of information states that the trial court vacated Mr. Robinson’s original sentence on one of the two armed robbery convictions and re-sentenced him only on that conviction. The minute entry also reflects that the newly imposed sentence was to run concurrently with the sentence on the other armed robbery conviction. The transcript of the sentencing hearing, however, does not expressly state that only one of the sentences for armed robbery was enhanced.
Mr. Robinson is now appealing his sentence, which he contends was improper. He asserts that the trial court judge improperly enhanced both of his sentences for his two armed robbery convictions.
DISCUSSION
Mr. Robinson’s sole assignment of error is that the trial court erred by finding him to be a multiple offender with respect to both, rather than only one, of his convictions for armed robbery. Mr. Robinson argues that it was error for the trial court judge to accept his guilty plea to being a multiple offender on both of his armed robbery convictions. The minute entry in the record indicates that Mr. Robinson pled guilty to being a multiple offender as to only one of the convictions for armed robbery, and the multiple offender bill of information refers only to |s“armed robbery”, not multiple counts of armed robbery. The transcript of the hearing at which Mr. Robinson pled guilty to the charge in the multiple offender bill of information does not, however, specifically state that Mr. Robinson is being sentenced as a multiple offender with respect to only one of his armed robbery convictions.
When there is a discrepancy between a minute entry and a transcript, the transcript prevails. See, e.g., State v. Jones, 2003-3542, p. 11 (La.10/19/04), 884 So.2d 582, 589; State v. Lynch, 441 So.2d 732, 734 (La.1983). In the instant case, the relevant portion of the transcript of the multiple offender bill adjudication reads as follows:
THE COURT:
At this time the Court believes the defendant has been properly advised of his rights at this multiple bill hearing, that he is freely and voluntarily entering this guilty plea to the multiple bill, that he understands the nature and the consequences. He is satisfied with counsel and counsel’s *160 advice on this matter. And, therefore, the Court accepts the guilty plea as to the multiple offender plea.
MR. MOORE:
Waive delays, your Honor.
THE COURT:
Imposition of sentence under revised statute 15:529.1, Court is sentencing you to forty-nine and a half years in the Department of Corrections. That sentence is without benefit of probation, parole or suspension of sentence.
Noting'for the record, again, this is a crime of violence. This is an at hard labor sentence with victim notification rights being preserved in the record.
[4Vacating the sentence previously imposed. Sentence imposed previously on January 12, 2005, is vacated with the new sentence being imposed.
In State ex rel. Porter v. Butler, 573 So.2d 1106, 1109 (La.1991), the Louisiana Supreme Court stated:
[P]olicy considerations support the continued viability of the rule precluding habitual offender enhancement of more than one conviction obtained the same date arising out of a single criminal act or episode.... Multiple convictions obtained the same day for offenses arising out of one criminal episode should be considered as one conviction for purposes of applying the habitual offender law in sentencing.
Therefore, Mr. Robinson is correct that only one of his armed robbery convictions can be enhanced under the Habitual Offender Law.
The transcript of the multiple offender bill adjudication clearly states that “the sentence previously imposed” was vacated. This is a clear indication that only one, not both of the previously imposed sentences, was vacated. Therefore, it is clear, but not expressly stated, that only one of the armed robbery convictions was being enhanced. Additionally, if both convictions were being enhanced, the trial court judge would have imposed two forty-nine and a half year sentences. The imposition of only one such sentence also demonstrates that only one of the armed robbery convictions was enhanced under the Habitual Offender Law.
We find that Mr. Robinson’s sentence on count two of his two armed robbery convictions remains unaffected by his adjudication as a habitual offender, and his sentence on that conviction of forty-nine years at hard labor without the benefit of probation, parole, or suspension of sentence remains unaffected by his multiple felony offender adjudication. We also find that his adjudication as a [¡¡second felony offender in connection with the count one[2] armed robbery conviction and the vacating of his forty-nine year sentence on that particular armed robbery conviction was proper. Finally, the trial court’s re-sentencing Mr. Robinson to forty-nine and one-half years on the enhanced armed robbery conviction, such sentence to be served at hard labor without the benefit of probation, parole, or suspension of sentence, was also proper.
DECREE
Mr. Robinson’s sentence of forty-nine years at hard labor without the benefit of probation, parole, or suspension of sentence is hereby affirmed with respect to his conviction on count two of armed rob *161 bery. Mr. Robinson’s sentence of forty-nine and one-half years at hard labor without the benefit of probation, parole, or suspension of sentence on his conviction as a second felony offender under the Habitual Offender Law with respect to the conviction on count one of armed robbery is hereby affirmed. Both sentences are to run concurrently, and both sentences are imposed in connection with the provisions of law relative to crimes of violence.
SENTENCES CLARIFIED AND AFFIRMED.

. Mr. Robinson was also found guilty of two counts of simple robbery, but those convictions are not the subject of his appeal.

. Because there is nothing in the record to indicate otherwise, we find that the trial court judge enhanced Mr. Robinson's sentence with regard to count one and did not enhance the sentence as to count two.